HENRY GREGORY, Adm'r, v. W. W. ROSS, Adm'r.

BILLS AND NOTES. *Title. Evidence.* The title to a promissory note may be passed without delivery of the note. Evidence was permitted to go to the jury, tending to show a transfer of the note, which was supposed to be destroyed by fire, with instructions from the judge that they were only to consider it as showing a transfer of the note, and not the fact of its existence; *held* not to be error.

FROM RUTHERFORD.

Appeal from the Circuit Court. W. H. WILLIAMSON, Judge.

C. A. SHEAFE for Gregory.

PALMER & RICHARDSON for defendants.

DEADERICK, C. J., delivered the opinion of the court.

This action was brought by W. W. Ross, administrator of Felix G. Ross, deceased, for the use of Alfred Ross, against Henry Gregory, administrator of James Buchanan, deceased, upon a lost note for $1,200, as alleged in the declaration and affidavit.

Three pleas were set up and relied upon in defense of the action: first, the plea of *non est factum;* secondly, the plea of *non assignavit,* and thirdly, the plea of *nil debit.* Issue was taken upon each of said pleas, and there was a verdict for plaintiff, which was set

aside, and subsequently another verdict in favor of plaintiff, and a new trial being refused, the defendant has appealed in error to this court.

There was testimony to the execution of the note by Buchanan, which was satisfactory to the jury and which was sufficient to warrant their verdict upon the plea of *non est factum.* Upon the plea of *non-assignavit,* it is earnestly contended for the defendant below that the evidence is not sufficient to sustain the verdict. There was no written assignment or manual delivery.

The note, as it appears from plaintiff's evidence, was executed by Buchanan in February, 1861, to Felix G. Ross, who died in November, 1862. Shortly before his death, his brother Alfred being his security on a note to Boring, Felix, as W. W. Ross testifies, endorsed the note of Buchanan to Alfred. W. W. Ross further stated: " The note was not present when the transfer was made. Felix G. Ross told Alfred he would give him (Alfred) the Buchanan note, which was at his house, to pay the Boring debt, Alfred being security on the same, and told Alfred to go and get it." Mrs. F. G. Ross was to meet him at the house and deliver it to him. Alfred went and Mrs. Ross failed to meet him. The note was not at the house where F. G. Ross then was and confined by sickness. No writing was done. Soon after this the house of F. G. Ross was burned and many of his papers destroyed.

His administrator made search and was unable to find the note, and made affidavit accordingly. Alfred

did afterwards pay the Boring note, which was for the same amount of the Buchanan note. The conversation between Peter G. and Alfred Ross, as above detailed, was objected to by defendant and admitted by the court, with instruction that the conversation might go to the jury as evidence only of the transfer of the note, under the plea of *non-assignavit*, but that it could not be looked to for the purpose of showing the execution of the note or in corroboration of the evidence of its execution. The objection to the foregoing evidence as to the transfer of Buchanan's note to Alfred Ross is, that it necessarily assumes that there was such a note in existence, and that the existence of the note could not be proved by the declarations of Felix G. Ross, deceased. But the jury were distinctly cautioned that the evidence must not be looked to by them for the purpose of establishing the existence of the note; that it was admissible only for the purpose of showing the transfer of the note— and for this purpose it was admissible, and the plaintiff was entitled to establish the transfer by any competent evidence—and there was no error in admitting. the evidence, when accompanied with the clear and explicit instructions of the court for what purpose only it could be looked to. The jury were instructed that the execution of the note must be established by independent and different evidence from that which was admitted merely to establish the transfer of the note. The jury certainly understood these instructions of the court, and we cannot assume that they acted in violation of them. On the contrary, the presump-

tion is that they followed them, especially as we find in the record evidence sufficient to sustain their verdict, outside of that which was objected to, on the issue as to the execution of the note.

But it is further argued, as there was neither an actual delivery nor written assignment of the note, that there is no sufficient evidence of any transfer of it to plaintiff.

The usual mode is to transfer by written assignment or actual delivery, such instruments. In 2 Pars. on Notes and Bills, 52, it is said in case of a note, if possession can be delivered it should be, but that there is no reason why the general rules respecting transfer of possession relating to the law of sales should not govern. The retaining of possession by a vendor is a circumstance of suspicion, but is open to explanation.

So in Hilliard on Sales, 42, it is said that a person may become equitably entitled to the benefit of a contract without any formal assignment or transfer by delivery.

In his charge to the jury the court again expressly charges them that they cannot look to the evidence admitted as to the transfer of the note, upon the question of its existence, and correctly instructs them as to the quantum and character of evidence necessary to sustain plaintiff's claim upon a lost note under the plea of *non est factum*..

The court further instructed the jury, that if F. G. Ross gave the note to Alfred Ross for the express consideration that he (Alfred) would pay the Boring note,

Gregory *v.* Ross.

upon which Alfred was security for F. G. Ross, such agreement would pass the title to Alfred without actual delivery; that it would be a valid contract between the parties. But if the agreement was that Alfred would at some future time pay the Boring note, and F. G. Ross was then to transfer the note, or if he promised to let him have the Boring note as collateral security, the title would not pass. We are of opinion, that the foregoing instructions were in all respects correct, and fairly presented to the jury the controlling questions raised by the evidence, and that the conclusions of the jury upon the several questions thus submitted to them, are sustained by the evidence.

Upon the whole case we are of opinion that there is no error in the record. The judgment will be affirmed.

Judge TURNEY was incompetent, and did not sit in the case.